IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Etoyi Preaster, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. _____ |
| HTW Truck & Trailer Repair, LLC, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Etoyi Preaster ("Preaster") brings this Complaint against Defendant HTW Truck & Trailer Repair, LLC ("HTW Truck & Trailer") and shows the Court as follows:

## Introduction

1.

This is an action brought pursuant to the Fair Labor Standards Act for overtime pay and other relief. HTW Truck & Trailer is engaged in a business that specializes in truck and trailer repair. HTW Truck & Trailer employed Preaster as a truck and trailer mechanic and failed to compensate Preaster at one-and-one-half times his regular hourly rate for all hours he worked in excess of 40 hours during each work week.

## Jurisdiction and Venue

2.

This Court has subject-matter jurisdiction over this action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because HTW Truck & Trailer is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## The Parties

4.

Plaintiff Preaster is a natural person who resides within Spalding County, Georgia.

5.

Defendant HTW Truck & Trailer is a domestic limited liability company organized under the laws of the State of Georgia.

6.

HTW Truck & Trailer is subject to the personal jurisdiction of this Court.

7.

Defendant HTW Truck & Trailer may be served with process through its registered agent, Registered Agents, Inc. located at 300 Colonial Center Parkway, Suite 100N, Roswell, Georgia 30076.

## Enterprise Coverage under the FLSA

**HTW Truck & Trailer**

8.

HTW Truck & Trailer provides general automotive repair for W2 logistics and other customers.

9.

From August 29, 2019 through March 24, 2020 (hereinafter "the Relevant Time Period"), HTW Truck & Trailer was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 207(a)(1).

10.

Throughout the Relevant Time Period, two or more HTW Truck & Trailer employees handled materials used by the company for its business purposes including, but not limited to, phones, computers, office supplies, auto repair tools, auto, truck and trailer parts (including tires), materials and machinery.

11.

Throughout 2019, HTW Truck & Trailer employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.

Throughout 2020, HTW Truck & Trailer employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

Throughout 2019, HTW Truck & Trailer had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

Throughout 2020, HTW Truck & Trailer had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

In 2019, HTW Truck & Trailer had an annual gross volume of sales made or business done of not less than $500,000.

16.

In 2020, HTW Truck & Trailer had an annual gross volume of sales made or business done of not less than $500,000.

17.

Throughout the Relevant Time Period, HTW Truck & Trailer had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

Throughout the Relevant Time Period, HTW Truck & Trailer has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

**Individual Coverage under the FLSA**

19.

At all times during the Relevant Time Period, Preaster was "engaged in commerce" as an employee of HTW Truck & Trailer within the meaning of 29 U.S.C. § 207(a)(1). Specifically, Preaster was engaged in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by performing his duties as a truck and trailer mechanic. These materials included using replacement parts and materials in repairs and maintenance to trucks and trailers.

**Employment Status**

20.

At all times during the Relevant Time Period, Preaster has been an "employee" of HTW Truck & Trailer within the meaning of 29 U.S.C. § 203(e)(1).

21.

At all times during the Relevant Time Period, HTW Truck & Trailer was an "employer" of Preaster within the meaning of 29 U.S.C. §203(d).

## Non-Exempt Status

22.

Throughout the Relevant Time Period, HTW Truck & Trailer was not an establishment primarily engaged in the business of selling cars, trucks, trailers, or farm implements to their ultimate purchasers.

23.

As a mechanic, Preaster is expressly entitled to overtime compensation pursuant to 29 C.F.R. § 541.3(a).

24.

Throughout the Relevant Time Period, Preaster was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

25.

Throughout the Relevant Time Period, HTW Truck & Trailer did not employ Preaster in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

26.

Throughout the Relevant Time Period, HTW Truck & Trailer did not employ Preaster in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

27.

Throughout the Relevant Time Period, HTW Truck & Trailer did not employ Preaster in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

28.

Throughout the Relevant Time Period, HTW Truck & Trailer did not employ Preaster in the capacity of an "outside salesman".

29.

Throughout the Relevant Time Period, Preaster did not exercise independent discretion and/or judgment on matters of significance on behalf of HTW Truck & Trailer.

30.

Throughout the Relevant Time Period, Preaster did not supervise 2 or more employees on behalf of HTW Truck & Trailer.

31.

Throughout the Relevant Time Period, Preaster did not have authority to hire or fire any employees on behalf of HTW Truck & Trailer and only hired or fired employees at the direction of his supervisor "Adam".

32.

Throughout the Relevant Time Period, Preaster's primary duties consisted of repairing trucks, trailers, ordering parts, changing tires, preparing paperwork associated with repairs, and cleaning HTW Truck & Trailer's shop.

33.

Throughout the Relevant Time Period, Preaster did not utilize any special skills or training in the course of his work for HTW Truck & Trailer.

34.

Throughout the Relevant Time Period, Preaster did not possess a specialized degree or certification that he utilized in the course of his work for HTW Truck & Trailer.

35.

Throughout the Relevant Time Period, HTW Truck & Trailer knew or should have known that the FLSA applied to Preaster.

**Additional Factual Allegations**

36.

During the Relevant Time Period, HTW Truck & Trailer employed Preaster as a mechanic at its shop located at 5263 Bouldercrest Road, Ellenwood, GA, 30294.

37.

At all times during his employment with HTW Truck & Trailer, Preaster regularly worked Monday through Friday from 8:00 a.m. until 5:00 p.m. during most work weeks.

38.

At all times during his employment with HTW Truck & Trailer, Preaster also regularly worked on Saturdays from 8:00 a.m. until 1:00 p.m. during most work weeks.

39.

At all times during his employment with HTW Truck & Trailer, Preaster regularly worked 45-50 hours during most work weeks.

40.

At all times relevant, HTW Truck & Trailer was aware of the actual hours that Preaster worked during each work week.

41.

At all times relevant to this action, HTW Truck & Trailer knew or should have known that the FLSA applied to Preaster.

42.

At all times during the Relevant Time Period, HTW Truck & Trailer compensated Preaster on an hourly basis.

43.

During the Relevant Time Period, HTW Truck & Trailer compensated Preaster at an hourly rate of $25.00.

44.

During the Relevant Time Period, HTW Truck & Trailer regularly and routinely rounded Preaster's work hours down to the nearest quarter hour worked, resulting in frequent undercounting of Preaster's work time, including overtime hours worked.

45.

During the Relevant Time Period, HTW Truck & Trailer deducted a one-hour meal break from Preaster's work hours, regardless of whether he took a meal break or the length of that meal break.

46.

During the Relevant Time Period, Preaster was not relieved of all duties during his unpaid one-hour meal break.

47.

During the Relevant Time Period, Preaster typically ate his lunch while working during his unpaid one-hour meal break, performing such duties as answering the telephones, and doing paperwork associated with repairs.

48.

During the Relevant Time Period, Preaster complained to supervisors "Adam" (last name unknown) and Chris Woroniecki about not being paid overtime for deducted meal periods.

49.

During the Relevant Time Period, supervisors Adam and Chris Woroniecki both advised Preaster that they would discuss the matter with owner Peter Woroniecki however, HTW Truck & Trailer never rectified the matter.

50.

At all times relevant, HTW Truck & Trailer failed to compensate Preaster at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in each work week.

51.

At all times relevant, HTW Truck & Trailer willfully failed to pay Preaster an overtime premium for each hour he worked in excess of 40 hours during each work week.

## COUNT I–Failure to Pay Overtime

52.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

53.

Throughout the Relevant Time Period, Preaster was an employee covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

54.

Throughout the Relevant Time Period, Preaster regularly worked in excess of 40 hours during most work weeks.

55.

At all times relevant, HTW Truck & Trailer was aware that Preaster regularly worked in excess of 40 hours during most work weeks.

56.

Throughout the Relevant Time Period, HTW Truck & Trailer failed to compensate Preaster at one-and-one-half times his regular hourly rate for work in excess of 40 hours during each work week, in violation of 29 U.S.C. § 207(a).

57.

HTW Truck & Trailer's failure to compensate Preaster in accordance with 29 U.S.C. § 207, was willful within the meaning of 29 U.S.C. § 255.

58.

As a result of the underpayment and nonpayment of overtime compensation as alleged above, Preaster is entitled to payment of overtime in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

59.

As a result of the willful underpayment and nonpayment of overtime compensation as alleged above, Preaster is entitled to liquidated damages in accordance with 29 U.S.C. § 216(b).

60.

As a result of the underpayment and nonpayment of overtime compensation as alleged above, Preaster is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Preaster respectfully prays that this Court:

a) Grant a trial by jury as to all matters properly triable to a jury;

b) Issue a judgment declaring that Plaintiff was covered by and that Defendant has violated the overtime wage provisions of the FLSA;

c) Award Plaintiff all unpaid overtime wages and liquidated damages equaling 100% of the overtime wages due to Plaintiff;

d) Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

e)   Award Plaintiff nominal damages;

f)   Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

g)   Award any and such other further relief this Court deems just, equitable, and proper.

Respectfully submitted,

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com

**Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC**

*s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Ga. Bar No. 049888

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

Counsel for Plaintiff