## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "**Release**") is hereby entered into by and between Plaintiff Etoyi Preaster ("**Plaintiff**"), and HTW Truck & Trailer Repair, LLC ("**Defendant**"), on the other hand, as of the last date (the "**Execution Date**") set forth on the signature page of this Release. Plaintiff and Defendant are sometimes referred to herein individually as a "**Party**," and collectively, as the "**Parties**." As used herein, the phrases "**this Release**," "**hereto**," "**hereunder**," and phrases of like import shall mean this Release between the Parties. All capitalized terms shall have the meanings ascribed to them in the Release.

WHEREAS, Plaintiff was employed by Defendant from approximately on or about August 29, 2019 to on or about March 24, 2020; and

WHEREAS, a Complaint against Defendant alleging failure to pay overtime pursuant to the Fair Labor Standards Act ("**FLSA**") was filed in the United States District Court for the Northern District of Georgia, Atlanta Division, captioned *Etoyi Preaster v. HTW Truck & Trailer Repair, LLC*, Civil Action No. 1:21-cv-1031 (the "**Litigation**"); and

WHEREAS, the Parties desire to finally and forever resolve disputed matters between them that were or could have been raised in the Litigation existing as of the Execution Date of this Release; and

WHEREAS, the Parties have entered into this Release to bring about such resolution;

NOW, THEREFORE, the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Release, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Settlement Payments.** Provided that the Plaintiff executes this Release, Defendant shall pay Plaintiff the following "**Settlement Payments**":

    a. Check payable to Plaintiff in the total gross amount of Two Thousand One Hundred Fifty One and 79/100 Dollars ($2,151.79) which will be reflected on a Form-1099, and;

    b. Check payable to Mitchell D. Benjamin, LLC as attorneys for Plaintiff in the total amount of Five Thousand Three Hundred Forty-Eight dollars and twenty-one cents ($5,348.21), for fees and costs, which shall be reflected on a Form 1099.

The Settlement Payments shall be paid no later than ten (10) calendar days of the court approving the settlement. Plaintiff understands that Plaintiff's entitlement to and retention of the Settlement Payments are expressly conditioned upon their fulfillment of the promises in this Release. The

Parties agree that the Settlement Payments shall constitute full, final, and complete settlement of any wages, damages, monies, liabilities, or other obligations claimed to be owed to Plaintiff by Defendant.

2. **Dismissal.** The Litigation will be administratively closed during the time Defendant is making the Settlement Payments. A Joint Stipulation of Dismissal with Prejudice shall be filed within ten (10) calendar days of Plaintiff's receipt of the final Settlement Payment.

3. **Release.** In consideration of the foregoing, Plaintiff does hereby knowingly and voluntarily release and forever discharge Defendant and W2 Logistic, Inc., together with each of their corporate subsidiaries, parents, and affiliates, and their current and former partners, owners, shareholders, members, directors, officers, managers, employees, attorneys, consultants, contractors, servants, agents, insurers and spouses, together with their predecessors, successors, heirs and assigns (hereinafter collectively referred to as the "**Releasees**"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, contracts, torts, damages, attorney's fees, judgments, rights, claims, and demands whatsoever, in law or in equity (hereinafter collectively referred to as "**Claims**"), whether known or unknown, which Plaintiff ever had, now has, or may or might in the future have against Releasees (i) that were asserted in the Litigation; (ii) for unpaid wages; or (iii) that arise under or are related to the FLSA.

4. **Acknowledgments.** Plaintiff acknowledges and agrees that the consideration being provided to Plaintiff in exchange for this Release is in addition to anything of value to which they already was entitled. Plaintiff is hereby advised in writing to consult with an attorney prior to executing the Release. Plaintiff acknowledges and agrees that Plaintiff has read and understands all the terms and conditions of the Release; that Plaintiff was not coerced, pressured or forced in any way to accept the terms of this Release; and that Plaintiff is entering into this Release knowingly and voluntarily, and without promise or benefit other than as set forth herein.

5. **Denial of Wrongdoing.** It is further understood and agreed that the payment and benefits conferred herein are not to be construed as an admission of liability on the part of the persons, corporations and entities hereby released, by whom liability is expressly denied.

6. **Non-Admission.** This Release is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any Party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein. Neither this Release nor any part thereof shall be, or be used as, evidence or an admission of liability by anyone, at any time, for any purpose

7. **Basis for Settlement.** Each Party acknowledges and agrees that the terms of this Release are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses. Each Party also acknowledges and agrees that he, she or it has relied entirely on his, her or its own judgment, belief and knowledge (including

his, her or its judgment, belief and knowledge with respect to the foregoing, the extent and duration of the claimed damages in the case, and the value of settling the case at this time) and the advice and recommendations of his, her or its own independently selected counsel, and, accordingly, except as set forth herein, neither he, she nor it, nor anyone acting on his, her or its behalf shall (or shall have the right to) deny or challenge the validity of this Release or any of the obligations of the Parties hereunder.

8. **Successors and Assigns.** This Release shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, conservators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through them based or founded upon any of the claims released herein.

9. **Severability.** In the event that any term, covenant, condition, agreement, section or provision hereof shall be deemed invalid or unenforceable, this Release shall not terminate or be deemed void or voidable, but shall continue in full force and effect and there shall be substituted for such stricken provision a like but legal and enforceable provision which most nearly accomplishes the intention of the Parties.

10. **Entire Agreement.** This Release constitutes the entire agreement between the Parties regarding the subject matter set forth herein all prior agreements, contracts, statements, understandings, negotiations, representations or warranties regarding such subject matters, including the Employment Release, are expressly superseded and merged herein. Except as set forth in this Release, no Party has relied upon the representations of any other Party to induce them to enter into this Release. It is expressly understood and agreed that this Release may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing duly executed by authorized representatives of the Parties.

11. **Waiver.** Failure by any Party to insist upon strict performance of any provision herein by any other Party shall not be deemed a waiver by such Party of his or its rights or remedies or a waiver by it of any subsequent default by such other Party, and no waiver shall be effective unless it is in writing and duly executed by the Party entitled to enforce the provision being waived.

12. **Construction.** This Agreement has been negotiated by the Parties and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against any of the Parties. The interpretation and construction of this Agreement shall be subject to the following provisions: (a) words importing the singular meaning include where the context so admits the plural meaning and vice versa; (b) words connoting gender include other genders and all such words shall be construed interchangeably in that manner; (c) the terms "and" and "or" as used herein shall mean both the conjunctive and the disjunctive, so that one word or the other may be taken accordingly as the one or the other (i.e., "and/or"); (d) the word "any" shall mean "all" or "one out of several"; (e) the words "include", "includes" and "including" are to be construed as if they were immediately followed by the words "without limitation"; and (f) the captions and headings used in this Agreement have been inserted for convenience of reference only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement.

**13. Counterparts.** This Release may be executed simultaneously in one or more counterparts, any of which shall be deemed an original, and all of which together shall constitute one and the same instrument, notwithstanding that all Parties are not a signatory to the original or the same counterpart. Facsimile or electronic signatures shall be treated as originals.\.

In witness of the foregoing and intending to be bound by the terms of this Release, the Parties execute this Release as of the last date set forth below written.

**ETOYI PREASTER**

*/s/ DocuSigned by: [signature]*
2788A37F6225476...

Date: 5/18/2021

**HTW TRUCK & TRAILER REPAIR, LLC**

By: [signature]

Its: PETER WORONIECKI

Date: 5/15/2021

4